# EXHIBIT A

SACHS, MAITLIN & GREENE
BY ALLAN MAITLIN, ESQ. - 208361962
414 EAGLE ROCK AVENUE, SUITE 304
WEST ORANGE, NEW JERSEY 07052
(973) 731-3400
ATTORNEYS FOR PLAINTIFF, DC PLASTIC PRODUCTS CORPORATION
OUR FILE NO. 26048

| | |
|---|---|
| DC PLASTIC PRODUCTS CORPORATION<br>    *Plaintiff,*<br><br>vs.<br><br>WESTCHESTER SURPLUS LINES<br>INSURANCE COMPANY,<br>    *Defendant.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : HUDSON COUNTY<br><br>Docket No. HUD-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND**<br>**WITH FIRST REQUEST FOR**<br>**PRODUCTION OF DOCUMENTS** |

Plaintiff, DC PLASTIC PRODUCTS CORPORATION, by way of Complaint against defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, says:

### STATEMENT OF FACTS

1. At all times herein, plaintiff was a corporation of the State of New Jersey and owner of a building and business at 70-86 Hobart Street, Bayonne, New Jersey.

2. At all times herein, Westchester Surplus Lines Insurance Company (hereinafter "Westchester") was a domestic surplus lines insurer eligible as an unauthorized insurer by the State of New Jersey to issue policies of insurance covering buildings and businesses, amongst other things, in the State of New Jersey.

3. On February 16, 2012, the defendant Westchester insured the plaintiff under Policy No. D37394129-001 for a period of one year, with coverage under that policy expiring February 16, 2013.

4. The actual policy of insurance was prepared and delivered to the plaintiff on or about March 9, 2012.

5. The said policy of insurance insured the plaintiff's building, personal property, and business income, including extra expenses, in the amount of $5,000,000 per occurrence during the policy term, subject to a $10,000 deductible per occurrence. The said policy was written on a replacement cost basis for both building and personal property.

6. On or about October 29, 2012, the State of New Jersey, and in particular, Bayonne, New Jersey, where plaintiff's building and business were located, was subject to all the effects of what has been denominated Superstorm Sandy.

7. As a result of the effects of Superstorm Sandy, plaintiff's building and business, including its personal property, were substantially and seriously damaged and destroyed. The damaging effects include, but are not limited to, the forceful winds breaking windows and causing openings in the roof of the building. As a result, substantial and significant amounts of debris, glass, and rain water entered the building, damaging the plaintiff's building and property, including but not limited to, machinery, work in progress, stock, supplies, and other personal property owned by plaintiff.

8. As a result of the damage to the building on or about October 29, 2012 and as a result of the wind-driven rain and other elements, plaintiff's business was significantly damaged and destroyed, could not operate, and was closed down as of October 30,

2012.

9. The said business has been closed since October 30, 2012 as above referred to. Initially it was closed as a result of causes of loss to plaintiff's building and business, which causes of loss are covered under the policy of insurance issued by defendant Westchester. Thereafter, the said business remained closed as a result of defendant's failure to make proper payments for the losses, leaving plaintiff without sufficient assets to make repairs or renovations.

10. Plaintiff gave due notice to defendant Westchester of the losses and events giving rise to the damage and destruction of the building, personal property and business and asserted a claim for coverage under its policy of insurance for the damages sustained.

11. The said claims related to damage to the building, personal property and loss of business income, including extra expenses.

12. The defendant assigned a representative of the company as its adjuster for the purposes of Westchester meeting its obligations to plaintiff under the policy of insurance.

13. As a result of the initial adjustment process, plaintiff submitted its claim for its building loss and personal property loss.

14. Despite the presentation of a building loss, contents loss, and business interruption loss in excess of the policy limits of $5,000,000, defendant Westchester only paid the plaintiff $951,102.89 representing its determination of the actual cash value

of the building and machinery, and nothing with respect to business interruption.

15. Repeated demands were made for proper payment of the building loss and personal property loss, which demands were not met by Westchester.

16. Under the terms of the policy of insurance issued by Westchester, either the insurance company or the insured may make demand for an appraisal of the loss. Plaintiff selected a competent and impartial appraiser, Carl Rodriguez, and advised the defendant insurance company of its demand for appraisal of its building loss under the appraisal provisions found at Form CP 00 10 06 07 of the policy, "Building and Personal Property Coverages Form," E.(2), "Appraisal" (page 9 of the Form).

17. After a significant and substantial delay by Westchester, it formally appointed its appraiser with respect to the building loss. The two appraisers, however, have been unable to select a competent and impartial umpire.

18. Plaintiff has demanded its rights under the appraisal provision of the policy of insurance as referred to above for resolution of the amount of damages with respect to its personal property claim as well, separately covered under "Building and Personal Property Coverage Form," A(1)(6).

19. Defendant Westchester has refused to go forward with the appraisal of the personal property unless the plaintiff uses the same individual as its building appraiser as its personal property appraiser.

4

20. Plaintiff submitted documentation in support of its business interruption claim as covered under the policy of insurance and Westchester has refused to make any payment for plaintiff's loss of business.

21. Plaintiff submitted a Proof of Loss in support of its business interruption claim and the said Proof of Loss was improperly rejected by Westchester.

22. Plaintiff has complied with all conditions under the policy of insurance or is excused from compliance by the activities of Westchester or by operation of law.

23. Plaintiff, by way of damages under the policy of insurance, seeks the full amount of its building loss, personal property loss, and loss of business and extra expense.

24. As a result of Westchester's failure to meet its obligations under the policy of insurance and failure to promptly pay plaintiff for its losses so that its building could be repaired and its personal property, including machinery, could be replaced, plaintiff was unable to begin its business again. Plaintiff presently is be unable to resuscitate its business, as a result of which plaintiff sustained losses caused by Westchester's conduct and breach of its fiduciary obligations to the plaintiff, including but not limited to, the value of its business as a business enterprise.

25. Westchester's conduct in failing to properly adjust plaintiff's loss constitutes bad faith and breach of its fiduciary obligations to the plaintiff for which plaintiff is entitled to be

compensated in addition to damages to which it is entitled under the policy of insurance.

### FIRST COUNT

1. Plaintiff repeats each and every allegation of its Statement of Facts as if specifically set forth herein at length.

2. Defendant has failed and refused to pay the full damages suffered by plaintiff under its policy of insurance, thereby breaching its obligation to make payment for those damages.

3. Plaintiff seeks damages for breach of contract against the defendant and for payment of the full damages due it for the building loss sustained under the policy of insurance.

WHEREFORE, plaintiff demands judgment against the defendant for damages for business losses, together with interest, counsel fees and costs of suit.

### SECOND COUNT

1. Plaintiff repeats each and every allegation of the Statement of Facts and First Count of its Complaint as if specifically set forth herein at length.

2. Plaintiff demanded full payment for the damages sustained to its building and defendant has failed and refused to make such payment.

3. Defendant breached the policy of insurance for failing to pay the full amount of the plaintiff's loss to the building, as provided for under the policy of insurance.

4. The policy of insurance provides payment of replacement

cost of the building and therefore plaintiff is entitled to the replacement cost for the building.

5. Plaintiff has insufficient funds to replace the building to its condition prior to the damage. As a result of defendant's failure to make proper payment, plaintiff is entitled to the full cost of replacement of the building as set forth in its replacement cost coverage.

WHEREFORE plaintiff demands judgment against the defendant for the full cost of replacement of plaintiff's building, together with interest, costs and counsel fees.

## THIRD COUNT

1. Plaintiff repeats each and every allegation of its Statement of Facts, First and Second Counts of its Complaint as if specifically set forth herein at length.

2. Plaintiff and defendant each appointed an appraiser in compliance with plaintiff's demand for appraisal of the building as set forth in the policy of insurance. The two appraisers had been unable to agree upon an umpire as set forth in the appraisal proceedings of the policy and as set forth in the statute concerning insurance policies found at N.J.S.A. 17:36-5.20, et seq.

3. Plaintiff demands that the Court appoint an umpire for the building appraisal and direct that defendant Westchester complete the appraisal process as required by the policy of insurance.

## FOURTH COUNT

1. Plaintiff repeats each and every allegation of the

7

Statement of Facts, First Count, Second Count, and Third Count of its Complaint as if specifically set forth herein at length.

2. Plaintiff made demand for the full damages resulting from damage to its personal property, including but not limited to, machinery, work in progress, completed products, supplies, and stock in trade.

3. Defendant has failed and refused to make payment for all of plaintiff's damages set forth in paragraph 2 of the Fourth Count.

4. Defendant breached its policy of insurance by failing to pay the full amount of the personal property loss sustained by plaintiff, as set forth in this count.

5. Plaintiff is entitled to be paid for all the damages sustained to its personal property under the policy of insurance.

WHEREFORE plaintiff demands judgment against the defendant for the full cost of damages sustained to its personal property, together with interest, costs and counsel fees.

## FIFTH COUNT

1. Plaintiff repeats each and every allegation of the Statement of Facts, First Count, Second Count, Third Count and Fourth Count of its Complaint as if specifically set forth herein at length.

2. Plaintiff demanded an appraisal proceeding pursuant to the provisions of the policy of insurance issued by the defendant and plaintiff's statutory right under N.J.S.A. 17:36-5.20, et seq., concerning its personal property damages. Plaintiff wishes to

choose an appraiser as permitted by the policy of insurance.

3. Defendant has failed and refused to appoint an appraiser, and further, maintains that plaintiff is not entitled to a selection of an appraiser and must use the same appraiser as set forth in its building appraiser proceeding.

4. Plaintiff seeks to compel defendant to appoint an appraiser for the personal property loss and to have plaintiff be permitted to appoint its own personal property appraiser for the appraisal process, and having the Court appoint an umpire with a directive that the process be completed.

WHEREFORE, plaintiff demands judgment against the defendant, requiring defendant to appoint an appraiser for the personal property loss and having the Court appoint an umpire for such appraisal proceeding.

## SIXTH COUNT

1. Plaintiff repeats each and every allegation of the Statement of Facts, First Count, Second Count, Third Count, Fourth Count, and Fifth Count of its Complaint as if specifically set forth herein at length.

2. As a result of the damages sustained to plaintiff's building and personal property, plaintiff was unable to continue its business operations after the storm subsided. Plaintiff sustained a significant loss of business as a result of the damages to the building and personal property.

3. Under the terms of the policy of insurance, plaintiff is covered for loss of business under what is commonly known as

9

"business interruption coverages" under the policy.

4. Despite plaintiff's demand for payment of the business interruption loss and submission of a business interruption claim, the defendant has failed and refused to make any payment for such loss, thereby breaching the terms of the policy of insurance.

5. Plaintiff is entitled to payment of its claim for loss of business income under the policy of insurance.

WHEREFORE, plaintiff demands judgment against the defendant for the full amount of its business interruption loss covered under the policy of insurance, together with interest, costs of suit, and counsel fees.

SEVENTH COUNT

1. Plaintiff repeats each and every allegation of the Statement of Facts, First Count, Second Count, Third Count, Fourth Count, Fifth Count and Sixth Count of its Complaint as if specifically set forth herein at length.

2. Because of defendant's failure to make adequate payment and because plaintiff does not have sufficient funds to make the necessary repairs and does not have the ability to borrow money for such repairs, plaintiff is entitled to replacement value of the building and personal property without having first to make the repairs, as may be required under the policy of insurance.

WHEREFORE, plaintiff demands judgment against the defendant for the full replacement cost of plaintiff's building and personal property as set forth in this Complaint, together with interest, cost of suit and counsel fees.

## EIGHTH COUNT

1. Plaintiff repeats each and every allegation of the Statement of Facts, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count and Seventh Count of its Complaint as if specifically set forth herein at length.

2. As a result of the defendant's breach of contract, and as a result of its failure to make sufficient payment for plaintiff's losses so as to allow plaintiff to repair the building and replace its machinery and other personal property, plaintiff was prohibited from re-opening its business and has been forced to terminate its business and render it defunct.

3. As a result of the defendant's actions and inactions, the plaintiff has lost the value of its business as a going business and is therefore damaged to the extent of the value of the business as an economic entity.

WHEREFORE, plaintiff demands judgment against the defendant for an amount representing the full value of plaintiff's business, together with interest, costs of suit and counsel fees.

## NINTH COUNT

1. Plaintiff repeats each and every allegation of the Statement of Facts, First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count and Eighth Count of its Complaint as if specifically set forth herein at length.

2. Defendant acted in bad faith and under <u>Pickett v. Lloyd's</u>, 131 N.J. 457 (1993), plaintiff is entitled to bad faith damages in addition to all other damages as previously set forth in

its Complaint.

3. Under the statutes of New Jersey relating to regulation of the insurance industry, there are standards that must be met by the insurance company and the violation of any one portion of the statue is evidence of negligence and bad faith on the part of the defendant insurance company.

4. Defendant violated the standards set forth in the statutes and the violations of those statutes constitutes evidence of bad faith on the part of the defendant insurance company.

WHEREFORE, plaintiff demands judgment against the defendant for defendant's bad faith in resolving the plaintiff's claim against the defendant insurance company, together with interest, costs of suit and counsel fees.

JURY DEMAND

Plaintiff demands trial by jury as to all issues.

CERTIFICATION

Pursuant to R. 4:5-1, this is to certify that to the best of our knowledge, the within matter is not the subject of any other action pending in any court or arbitration proceeding and none is contemplated. The undersigned is not aware of any other persons or entities who should be made a party to this litigation.

SACHS, MAITLIN & GREENE
Attorneys For Plaintiff,
DC PLASTIC PRODUCTS CORPORATION

By_____
ALLAN MAITLIN

Dated: October 26, 2017

12

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (RULE 4:18-1)

Plaintiff hereby requests that defendant produce, within forty-five (45) days of the date of service of this request, the following documentation:

1. Defendant's complete underwriting file;

2. Defendant's entire claims file, including but not limited to, all electronically stored information.

3. All communications by and between defendant's adjuster(s) and anyone in the insurance company with respect to plaintiff's claim.

4. Copies of all photographs taken by the defendant or anyone on its behalf.

5. Copies of all reports of any experts retained prior to the institution of suit who came to plaintiff's premises and examined any part of the building, contents, personal property, or examined any of the books and records pertaining to plaintiff's business interruption claim.

6. Copies of all reports from defendant's damage experts sent to the defendant;

7. Copies of correspondence, reports, email communications by and between the defendant and any accountant or accounting firm with respect to plaintiff's business interruption claim.

8. Certified copy of the policy of insurance under which claim is being made.

10. Copies of all internal communications of the defendant insurance company relating in any way to plaintiff's claims.

SACHS, MAITLIN & GREENE
Attorneys For Plaintiff,
DC PLASTIC PRODUCTS CORPORATION

By_____
ALLAN MAITLIN

Dated: October 26, 2017

13