# FG FORAN GLENNON

October 9, 2018

**Via ECF**

Hon. Stanley R. Chesler  
United States District Judge  
District of New Jersey  
United States Courthouse  
50 Walnut Street  
Newark, NJ 07101

Hon. Cathy L. Waldor  
United States Magistrate Judge  
District of New Jersey  
United States Courthouse  
50 Walnut Street  
Newark, NJ 07101

Re: *DC Plastic Products Corporation v. Westchester Surplus Lines Ins. Co.*  
Docket No.: 2:17-cv-13092

Dear Judge Chesler and Judge Waldor:

We write on behalf of Defendant, Westchester Surplus Lines Insurance Company ("Westchester") in connection with Plaintiff's motion to compel appraisal (ECF No. 31) and Westchester's cross-motion to dismiss the complaint (ECF No. 32). Please accept this letter in lieu of a more formal reply in further support of Westchester's cross-motion. In short, we write to bring Plaintiff's continued failure to prosecute this matter to the Court's attention. Consistent with its dilatory conduct since the beginning of the claim, and throughout this litigation, Plaintiff has neither filed a reply in further support of its motion to compel appraisal nor an opposition to Westchester's cross-motion to dismiss. Moreover, Plaintiff still has not provided the requested discovery – originally due on April 30, 2018 – which is the subject of Westchester's cross-motion. Simply stated, Plaintiff's flagrant disregard of this Court's orders and rules cannot be tolerated. Accordingly, Westchester respectfully requests that the Court grant Westchester's cross-motion and dismiss Plaintiff's complaint with prejudice.

Plaintiff's recent failures are just the latest examples of years and years of dilatory conduct, which began shortly after the loss in 2012, and continued through the claim investigation and into this litigation. As the history of Plaintiff's conduct is detailed in Westchester's cross-motion, we will not repeat it here. Instead, we will focus on the facts relating to Plaintiff's motion to compel and Westchester's cross-motion to dismiss the complaint. Plaintiff originally advised Magistrate Judge Waldor of its intention to file a motion to compel appraisal at the February 16, 2018 Rule 16 conference. As such, the parties agreed to a joint briefing schedule, which was so ordered. *See* ECF. No. 17. Plaintiff, however, never filed the motion to compel appraisal within the deadlines set forth in that joint briefing schedule. At the May 2, 2018 telephone conference before Judge Waldor, Plaintiff's counsel blamed the failure to file the motion on the fact that his appraiser was having health issues. It is unclear how the appraiser's health is relevant to counsel's ability to draft a motion. During the July 2, 2018 telephone conference with Judge Waldor, Plaintiff's counsel offered additional excuses for his failure to provide requested discovery and file his motion to

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

Paul C. Ferland, Attorney at Law   212.257.7103   pferland@fgppr.com  
40 Wall Street, 54th Floor, New York, New York 10005   tel 212.257.7100   www.fgppr.com

Chicago ■ Newport Beach ■ San Francisco ■ New York ■ London ■ Denver ■ Las Vegas ■ Phoenix

Hon. Stanley R. Chesler
Hon. Cathy L. Waldor
October 9, 2018
Page 2 of 2

compel appraisal.  Judge Waldor set another deadline for Plaintiff to file the motion to compel appraisal, as well as a deadline for Westchester to file any opposition to that motion.  *See* ECF No. 30.  Both parties filed their papers accordingly.  During the September 18, 2018 telephone conference with Judge Waldor, Plaintiff's counsel requested the opportunity to file a reply in further support of his motion to compel appraisal.  Judge Waldor granted Plaintiff's counsel's request, and and set a deadline for the reply of September 28th.  Plaintiff never filed a reply.  In addition, Plaintiff's opposition to Westchester's cross-motion to dismiss was due on October 1st.  Plaintiff never filed an opposition.   Accordingly, Plaintiff's conduct further establishes a clear disregard for the Court's orders and rules, which should not be tolerated any further.

In sum, Plaintiff's recent conduct is consistent with the dilatory conduct that Plaintiff has exhibited since the beginning of the claim, and carried throughout the litigation.  Westchester's numerous efforts to move this matter forward have been unsuccessful in light of Plaintiff's litany of excuses and repeated delays.  Such behavior is inexcusable and has unfairly prejudiced Westchester's ability to defend itself.  Indeed, Plaintiff still has not provided the requested discovery that was due on April 30th.  Westchester should not be forced to repeatedly seek assistance from the Court to move this case forward.  Plaintiff's dilatory conduct and continued failure to diligently prosecute this matter cannot be tolerated.  Therefore, Westchester respectfully requests that the Court immediately grant Westchester's cross-motion and dismiss the complaint with prejudice.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Foran Glennon Palandech Ponzi & Rudloff P.C.

By:

Paul Ferland