UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| DC PLASTIC PRODUCTS CORPORATION, | Civil Action No. 17-13092 (SRC) |
| Plaintiff, | OPINION |
| v. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY | |
| Defendant. | |

**CHESLER**, District Judge

  This matter comes before the Court upon the filing by Plaintiff DC Plastic Products Corporation ("DC Plastic," or "Plaintiff") of a motion to compel appraisals, for the court appointment of an umpire, and for a stay of proceedings until completion of the appraisal process, [ECF No. 31], and Defendant Westchester Surplus Lines Insurance Company's opposition and cross-motion to dismiss the Complaint with prejudice [ECF No. 32]. This Court referred the matter to Judge Waldor for a report and recommendation as to the disposition of the motion, pursuant to Fed. R. Civ. P. 72(b), L. Civ. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1)(C). On November 5, 2018, Judge Waldor issued a Report and Recommendation ("R&R"), recommending Defendant's motion to dismiss be granted. [ECF No. 38]. On December 12, 2018, Plaintiff submitted a timely objection to the R&R. [ECF No. 40]. The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, the matter will be remanded to Judge Waldor for further consideration in accordance with this Opinion.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" EEOC v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1) and citing Fed. R. Civ. P. 72(b)(3)). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2).

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action with prejudice for a plaintiff's failure to prosecute an action or failure to comply with a court's order. Fed. R. Civ. P. 41(b). However, "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 866 (3d Cir. 1984) (quoting Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)). The Third Circuit has stated that when dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

Review of the R&R reveals that Judge Waldor considered the Poulis factors carefully. However, the Court notes that Judge Waldor did not have the opportunity to review Plaintiff's admittedly belated November 14, 2018 letter, which was filed near-simultaneously with Judge Waldor's R&R. Plaintiff's letter, among other things, proposes voluntary dismissal of several counts of the Complaint. At this time, the Court makes no findings as to the merit of the claims

made in Plaintiff's November 14, 2018 letter or their potential effect, if any, on Judge Waldor's analysis of the Poulis factors. However, because dismissal is viewed as a "drastic sanction," the Court finds that remand is necessary to ensure this sanction is merited in light of the full record. Accordingly, in the interests of Justice, the Court remands this matter to Judge Waldor for further consideration in light of this additional material and with a full record. An appropriate form of Order will be filed.

                                                                s/ Stanley R. Chesler
                                                       STANLEY R. CHESLER
                                                  United States District Judge

Dated: January 29, 2019